IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00591-BNB

JESSE JOHNSON,

    Plaintiff,

v.

G.E.O. GROUP, INC.,
JOE D. DRIVER, and
TAMI ANDING,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

    Plaintiff, Jesse Johnson, is a prisoner who currently is incarcerated at the correctional center in Hudson, Colorado. Plaintiff, acting *pro se*, initiated this action in the United States District Court for the District of Alaska (District of Alaska) by filing a Prisoner Complaint (ECF No. 3) and a Prisoner's Declaration and Application to Proceed *In Forma Pauperis* (ECF No. 1, ex. 12). The District of Alaska granted him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 1, ex. 19).

    On January 31, 2013, the District of Alaska entered an order (ECF No. 1, ex. 20) directing Mr. Johnson to file an amended complaint in order to state a cognizable claim against appropriate defendants in federal court. On March 7, 2013, Plaintiff filed a motion (ECF No. 1, ex. 21) to transfer this case to this Court. Also on March 7, the District of Alaska entered an order (ECF No. 1) granting the motion and transferring the case.

On March 11, 2013, the Court, after review pursuant to D.C.COLO.LCivR 8.2, determined that the Prisoner Complaint was deficient and directed Mr. Johnson to file within thirty days an amended complaint that complied with the order to amend complaint (ECF No. 1, ex. 20) entered by the District of Alaska.  The Court further ordered Mr. Johnson to obtain the Court-approved form for filing a Prisoner Complaint (with the assistance of his case manager or the facility's legal assistant) and applicable instructions, at www.cod.uscourts.gov, and to use that form in curing the designated deficiency.

On April 12, 2013, Mr. Johnson filed an amended Prisoner Complaint (ECF No. 6).  The Court must construe liberally the amended Prisoner Complaint because Mr. Johnson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Johnson will be ordered to file a second and final amended Prisoner Complaint if he wishes to pursue his claims in this action.

The amended Prisoner Complaint Mr. Johnson filed on April 12 is not on the Court-approved Prisoner Complaint form and does not comply with the directives of the District of Alaska's order to amend (ECF No. 1, ex. 20) to provide specific information as to his claims and not refer to the initial complaint or other extraneous documents.  ECF No. 1, ex. 20 at 8-9.  However, the amended Prisoner Complaint Mr. Johnson filed on April 12 will not be dismissed for these reasons.  Instead, Mr. Johnson will be afforded a final opportunity to file an amended Prisoner Complaint in this Court.

The Court has reviewed the amended Prisoner Complaint and finds that it does

not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

      Mr. Johnson's amended Prisoner Complaint is vague.  He asserts two claims for relief against three Defendants concerning his lack of dental care.

      In order to state a claim in federal court, Mr. Johnson "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in

constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); see also *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Johnson should name as defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

It is unclear to the Court the reason or reasons Mr. Johnson is suing G.E.O.Group, Inc. "The established principles of municipal liability have been found to apply to § 1983 claims brought against private corporations," such as the Defendant G.E.O. Group, Inc. *See, e.g.*, *Burns v. Buford*, No. 10-cv-02691-BNB, 2012 WL 2319037, at * 2 (D. Colo. June 19, 2012) (not published) (citing *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (finding that "[a]lthough the Supreme Court's interpretation of § 1983 in *Monell [v. Dep't of Social Servs.*, 436 U.S. 658 (1978),] applied to municipal governments and not to private entities acting under color of state law, case law from this and other circuits has extended the *Monell* doctrine to private § 1983 defendants."); see also *Nival v. Clements*, No. 11-cv-01695-BNB, 2012 WL 71770, *3 (D. Colo. Jan. 10, 2012) (same). According to the principles of municipal liability, a private actor such as G.E.O. Group, Inc., "cannot be held liable solely because it employs a tortfeasor--or, in other words . . . cannot be held liable under § 1983 on a

respondeat superior theory." *Monell*, 436 U.S. at 691. In order to hold a private actor liable for the alleged constitutional violations of its agents, a plaintiff must show that the private actor directly caused the constitutional violation by instituting an "official municipal policy of some nature" that was the "direct cause" or "moving force" behind the constitutional violation. *Burns*, 2012 WL 2319037, at *2 (citation omitted). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights." *Board of County Com'rs v. Brown*, 520 U.S. 397, 404 (1997).

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Johnson must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556

U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Johnson may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Johnson uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Finally, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The amended complaint Mr. Johnson will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1E. and G.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Johnson will be given an opportunity to cure the deficiencies in his amended Prisoner Complaint by submitting a second and final amended Prisoner Complaint on the Court-approved form that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, that sues the proper defendants, and alleges specific

facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents, including prior complaints he filed in this action, not included in the second and final amended complaint.

Accordingly, it is

ORDERED that Plaintiff, Jesse Johnson, file, **within thirty (30) days from the date of this order**, a second and final amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Johnson shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant) and applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the second and final amended Prisoner Complaint.  It is

FURTHER ORDERED that if Mr. Johnson fails to file a second and final amended Prisoner Complaint that complies with this order within the time allowed, the amended Prisoner Complaint and the action will be dismissed without further notice.

DATED April 22, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge